1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  DOUGLAS AUSTIN,

10                      Plaintiff,

11         v.

12

13  SECURITAS SECURITY SERVICES USA, INC.,
    a Delaware corporation,

14

                       Defendant.

15

Case No.  2:12-cv-01131

**PLANTIFF'S COMPLAINT FOR DAMAGES**

 JURY DEMAND REQUESTED

16         Comes now Plaintiff DOUGLAS AUSTIN and complains of Defendant SECURITAS

17  SECURITY SERVICES USA, INC. as follows:

18

19                            I.    NATURE OF THE ACTION

20         This is an action for declaratory judgment, equitable relief, and monetary damages,

21  instituted to secure the protection of and to redress the deprivation of rights secured through 42

22  U.S.C. §1981 *et seq.* ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

23  2000(e), *et seq.* ("Title VII"), and the Washington Law Against Discrimination, RCW 49.60 *et*

24  *seq.* ("WLAD").  Plaintiff Douglas Austin alleges Defendant discriminated, harassed, and

25  retaliated against Plaintiff for engaging in protected activity. Plaintiff seeks monetary and

26

**Greg Wolk, P.S & The Rekhi Law Firm, PLLC**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

injunctive relief, including pecuniary and non-pecuniary damages and punitive damages to the fullest extent allowed by law.

## II.   JURISDICTION, VENUE AND PARTIES

**1.**   Jurisdiction is proper pursuant to 28 U.S.C. § 1331 since Plaintiff alleges claims that comprise a federal question.

**2.**   This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

**3.**   Venue of this Court is invoked under 28 U.S.C. § 1391.

**4.**   A substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Federal District Court for the Western District of Washington at Seattle.

**5.**   Plaintiff Austin is a citizen of Washington State and a resident of King County, Washington.

**6.**   Defendant Securitas Security Services USA, Inc. ("Securitas") is a Delaware corporation doing business in the Western District of Washington. Defendant has the requisite number of employees under the WLAD, Title VII, and Section 1981.

**7.**   At all relevant times, Defendant was an employer engaged in an industry affecting commerce.

**8.**   Plaintiff was employed by Defendant in the Western District of Washington.

## III.   STATEMENT OF CLAIMS

**9.**   Defendant engaged in unlawful employment practices against Plaintiff while he was employed by Defendant in violation of 42 U.S.C. §1981 *et seq*., Title VII, and the Washington Law Against Discrimination, RCW 49.60 *et seq*.

**10.**   The following facts are not exhaustive and merely provide support for Plaintiff's claims.

**Greg Wolk, P.S & The Rekhi Law Firm, PLLC**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

**11.**   Plaintiff was employed by Defendant from September 2010 to the present.

**12.**   Plaintiff is African-American.

**13.**   Plaintiff has worked as a patrol officer for Defendant.

**14.**   Plaintiff has reported to different supervisors, including Dylan White, who is Caucasian.

**15.**   Plaintiff performed well throughout his employment history with Defendant.

**16.**   Defendant engaged in harassment against Plaintiff when supervisor White repeatedly made racial epithets against Plaintiff's race in Plaintiff's presence and while looking at Plaintiff. Previously, supervisor White had frequently made other derogatory and racist comments at the workplace in the presence of Plaintiff.

**17.**   Defendant engaged in discrimination and further harassment against Plaintiff based on his race by threatening to discipline him and disciplining him in fact for engaging in purported acts. Upon information and belief, Defendant does not discipline non-African-American employees who actually engage in the same or similar acts to those attributed to Plaintiff. The purported acts attributed to Plaintiff leading to the threats and discipline were not performance related.

**18.**   Defendant failed to promote Plaintiff to positions to which he applied or requested to apply including but not limited to openings from in or about January 2011.

**19.**   Defendant filled these positions with less qualified candidates who are not African-American.

**20.**   Plaintiff engaged in protected activities under the above-identified statutes including but not limited to when he complained to his supervisor(s), his Union, and other Defendant's agents that he was being discriminated against and harassed based on his race.

**21.**   In December 2011, Plaintiff further engaged in protected activity when he filed a charge

**Greg Wolk, P.S & The Rekhi Law Firm, PLLC**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

with the Equal Employment Opportunity Commission ("EEOC") complaining of the above-alleged discrimination and harassment.

**22.**   Defendant engaged in all of the above unlawful conduct and the unlawful conduct was motivated by Plaintiff's race and opposition to Defendant's discriminatory conduct.

**23.**   Defendant retaliated against Plaintiff for engaging in protected activity and for his opposition activity to the above referenced unlawful employment practices.

**24.**   The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and opposition to Defendant's unlawful activities.

**25.**   Defendant failed to act to eliminate the discrimination, harassment, and retaliation.

**26.**   The unlawful employment practices complained of in the above paragraphs were intentional.

**27.**   The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

**28.**   On information and belief, the unlawful employment practices complained of in the above paragraphs were instituted against other employees similarly situated with respect to Plaintiff based on their race.

## IV.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

**A.**   Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates on the basis of race.

**Greg Wolk, P.S & The Rekhi Law Firm, PLLC**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

1

2   **B.**   Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for all employees, and which eradicate the effects of

3   their past and present unlawful employment practices.

4   **C.**   Order Defendant to make Plaintiff whole by providing appropriate back pay with

5   prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

6   to eradicate the effects of their unlawful employment practices.

7   **D.**   Order Defendant to make Plaintiff whole by providing compensation for past and future

8   pecuniary losses resulting from the unlawful employment practices described in the above

9   paragraphs, including out-of-pocket expenses, in an amount to be determined at trial, including

10  but not limited to damages provided for by RCW 49.48 *et. seq.*, and RCW 49.52 *et. seq.*

11

12  **E.**   Order Defendant to make Plaintiff whole by providing compensation for past and future

13  nonpecuniary losses resulting from the unlawful practices complained of in the above

14  paragraphs, including without limitation emotional pain, suffering, and loss of enjoyment of

15  life, in an amount to be determined at trial.

16  **F.**   Order Defendant to pay Plaintiff punitive damages for their conduct described in the

17  above paragraphs, in amounts to be determined at trial to the fullest extent allowed by law.

18  **G.**   Order Defendant to pay Plaintiff for any and all tax consequences associated with the

19  damages and cost award, including but not limited to attorney's fees.

20

21  **H.**   Award Plaintiff the costs of this action, including attorney's fees.

22  **I.**   Grant any additional or further relief as provided by law, which this Court finds

23  appropriate, equitable, or just.

24

25

26

**Greg Wolk, P.S & The Rekhi Law Firm, PLLC**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924

1

DATED this 2nd day of July, 2012.

2

3

Respectfully submitted,

4

**GREG WOLK, P.S.**                          **THE REKHI LAW FIRM, PLLC**

5

By:_____                     By:_____

6

Gregory A. Wolk, WSBA No. 28946            Hardeep S. Rekhi, WSBA No. 34579

7

1411 Fourth Ave. Ste. 1101                  1411 Fourth Avenue, Suite 1101
Seattle, WA 98101                            Seattle, WA 98101

8

Telephone: (206) 965-9998                    Telephone: (206) 388-5887
Fax: (206) 965-9911                          Fax: (206) 577-3924

9

E-Mail: greg@gregwolklaw.com                E-Mail: hsrekhi@rekhilawfirm.com
Attorney for Plaintiff                       Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Greg Wolk, P.S & The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206)388-5887
Facsimile: (206)577-3924